**CLOSED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
                                 :

LARRY O. JOHNSON,            :
                                 :        Civil Action No.
          Plaintiff,    :        10-2265 (FSH)
                                 :
            v.               :        **MEMORANDUM OPINION**
                               :        **AND ORDER**
NSP L.T. DENNIS DEMICO, et al.,:
                               :
          Defendants.   :
_____:

IT APPEARING THAT:

1.    Plaintiff, an inmate confined at the Northern State Prison, Newark, New Jersey, initiated three separate civil actions in this District, i.e., Johnson v. Mash ("Johnson I"), Civil Action No. 10-1630 (FSH) (D.N.J.) (commenced on March 31, 2010); Johnson v. Mash ("Johnson II"), Civil Action No. 10-1945 (SDW) (D.N.J.) (commenced on April 14, 2010); and Johnson v. Demico ("Instant Matter"), Civil Action No. 10-2265 (FSH) (D.N.J.) (commenced on May 3, 2010).

2.    In Johnson I, Plaintiff submitted an insufficient in forma pauperis application; therefore, this Court denied Plaintiff in forma pauperis status without prejudice. Plaintiff never cured the deficiencies of his in forma pauperis application for the purposes of Johnson I; instead, he initiated Johnson II by submitting a complaint identical in all substantive

respects to that submitted in <u>Johnson I</u>.   Judge Susan D. Wigenton ("Judge Wigenton"), presiding over the <u>Johnson II</u> proceedings, directed administrative termination of Plaintiff's <u>Johnson II</u> action as duplicative of <u>Johnson I</u>.[1] Plaintiff's allegations asserted in <u>Johnson I</u> and duplicated in <u>Johnson II</u> were, therefore, left unscreened on merits.

3.   In response to this Court's and Judge Wigenton's decisions, Plaintiff submitted his complaint ("Complaint") that gave rise to the Instant Matter.   As in <u>Johnson I</u> and <u>Johnson II</u>, Plaintiff's Complaint arrived accompanied by a deficient <u>in forma pauperis</u> application.   Correspondingly, this Court denied Plaintiff <u>in forma pauperis</u> status without prejudice for the purposes of the Instant Matter.   After Plaintiff duly cured the deficiencies of his <u>in forma pauperis</u> application in the Instant Matter, this Court screened Plaintiff's Complaint on merits.

4.   In the Instant Matter, Plaintiff asserted three claims. First, he asserted that Defendant Demico did not respond to Plaintiff's administrative grievances.   Second, Plaintiff asserts that Defendant Oliveira did not put Plaintiff's name on a certain "phone list" when Plaintiff wished to call his

---

[1]   Notably, Plaintiff's <u>in forma pauperis</u> application submitted for the purposes of <u>Johnson II</u> was as deficient as Plaintiff's <u>in forma pauperis</u> application submitted for the purposes of <u>Johnson I</u>.

family.   Finally, Plaintiff asserts that either Defendant Demico or Defendant Oliveira exposed Plaintiff to second-hand smoking.

5.   On June 1, 2011, this Court issued a Memorandum Opinion and Order granting Plaintiff in forma pauperis status for the purposes of the Instant Matter and dismissing first Plaintiff's claim with prejudice and his second and third claims without prejudice. Specifically, this Court explained to Plaintiff that his claim asserting that his grievances were left unanswered was subject to dismissal with prejudice because the First Amendment did not impose an obligation on the government to respond to  grievances, and because prisoners did not have a constitutional right to prison grievance procedures for the purposes of due process inquiry. Turning to Plaintiff's second claim (asserting that Defendant Oliveira refused to put Plaintiff's name on a certain "phone list"), the Court explained to Plaintiff that his allegations were deficient because Plaintiff failed to specify whether the asserted restriction was a one-time occurrence or a systemic denial, what explanation – if any – was given to Plaintiff by Defendant Oliveira (or any other prison official) in connection with the alleged denial of putting Plaintiff's name on that "phone list," and whether Plaintiff had other means of communication with his family members, e.g., by mail or prison

visits, etc.  The Court, therefore, dismissed this claim without prejudice and allowed Plaintiff an opportunity to amend his original pleading by stating, in detail, the facts of his "phone list" claim.  Finally, addressing Plaintiff's allegations that either Defendant Demico or Defendant Oliveira exposed Plaintiff to second-hand smoking by "walking around smoking cigars," the Court explained to Plaintiff that, for the purposes of the Eighth Amendment, liability based on exposure to environmental tobacco smoke ("ETS") requires proof of: (a) exposure to unreasonably high  levels of ETS contrary to contemporary standards of decency; and (b) deliberate indifference by the authorities to the exposure to ETS.  Since Plaintiff's original complaint merely asserted that one of the named Defendants "walk[ed] around smoking cigars," the Court dismissed Plaintiff's ETS challenges without prejudice and directed Plaintiff to clarify, in his amended pleading, the fact of his ETS challenges.

6.    On July 29, 2011, Plaintiff submitted a letter for filing in the Instant Matter *and* in Johnson I and Johnson II.  The letter, being an 18-page-long compilation, presents nothing but a set of copies of various documents (many copied more than once) indicating that Plaintiff was submitting grievances and making phone calls to his prison officials, and the prison officials were acknowledging his phone calls and grievances.

These grievances reflect on a multitude of issues, focusing mainly on Plaintiff's displeasures with the food tray he was served, but they provide the Court with no information allowing the Court to conduct an intelligent assessment of Plaintiff's potentially viable claims raised in the Instant Matter, i.e., the claims that Plaintiff's communications with his family were unduly limited by Plaintiff being placed on the alleged "phone list" and his ETS claims.

7.   Therefore, as submitted, Plaintiff's letter suggests that he has no viable claim because Plaintiff failed to state any facts in support of his "phone list" and his ETS challenges. However, being mindful of Plaintiff's pro se litigant status, this Court finds it warranted to allow Plaintiff another opportunity to elaborate on his "phone list" and ETS claims.

IT IS, therefore, on this 31st day of August, 2011,

ORDERED that the Clerk shall reopen the Instant Matter, Johnson v. Mash, Civil Action No. 10-1630 (FSH) and Johnson v. Mash, Civil Action No. 10-1945 (SDW), by making a new and separate entry on the docket of each of these three matters reading "CIVIL CASE REOPENED"; and it is further

ORDERED that, for the purposes of Johnson v. Mash, Civil Action No. 10-1630 (FSH) and Johnson v. Mash, Civil Action No. 10-1945 (SDW), Plaintiff's letter shall be deemed mis-docketed as a result of Plaintiff's own erroneous reference to all three matters;

and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in Johnson v. Mash, Civil Action No. 10-1630 (FSH), and also make a new and separate entry on the docket of that matter reading "DOCKET ENTRY No. 5 IS DEEMED STRICKEN FROM THE DOCKET AS MIS-DOCKETED DUE TO PLAINTIFF'S ERROR IN DESIGNATING THE RELEVANT INDEX NUMBER OF HIS ACTION"; and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in Johnson v. Mash, Civil Action No. 10-1945 (SDW), and also make a new and separate entry on the docket of that matter reading "DOCKETED FOR INFORMATIONAL PURPOSES ONLY.  DOCKET ENTRY No. 3 APPEARS MIS-DOCKETED DUE TO PLAINTIFF'S ERROR IN DESIGNATING THE RELEVANT INDEX NUMBER OF HIS ACTION"; and it is further

ORDERED that, for the purposes of Johnson v. Mash, Civil Action No. 10-1630 (FSH) and Johnson v. Mash, Civil Action No. 10-1945 (SDW), Plaintiff shall not make any further submissions associated with his challenges raised in the Instant Matter.  Since this Court terminated Plaintiff's Johnson v. Mash, Civil Action No. 10-1630 (FSH), action on the grounds of deficiency of Plaintiff's in forma pauperis application and without reaching the merits of Plaintiff's claims, and Judge Wigenton terminated Johnson v. Mash, Civil Action No. 10-1945 (SDW), as duplicative, no statement made in this Memorandum Opinion and Order shall be construed as barring Plaintiff from raising his challenges (asserted in Johnson v. Mash,

Civil Action No. 10-1630 (FSH), and duplicated  in <u>Johnson v. Mash</u>,
Civil Action No. 10-1945 (SDW)) by means of filing a new civil
complaint stating those challenges.[2]   The Court takes this
opportunity to remind Plaintiff that, in the event Plaintiff elects
to submit for filing such new civil complaint, Plaintiff's
submission shall be accompanied by his filing fee or by a *complete
in forma pauperis* application; and it is further

     ORDERED that, for the purposes of the Instant Matter,
Plaintiff's letter, docketed in the Instant Matter as Docket Entry
No. 8, is construed as Plaintiff's first amended complaint; and it
is further

     ORDERED that Plaintiff's first amended complaint is dismissed
for failure to state a claim upon which relief can be granted; and
it is further

     ORDERED that Clerk shall administratively terminate the
Instant Matter, <u>Johnson v. Mash</u>, Civil Action No. 10-1630 (FSH) and
<u>Johnson v. Mash</u>, Civil Action No. 10-1945 (SDW), by making a new
and separate entry on the docket of each of these three matters

---

[2] Plaintiff's challenges asserted in <u>Johnson v. Mash</u>, Civil
Action No. 10-1630 (FSH), and duplicated  in <u>Johnson v. Mash</u>,
Civil Action No. 10-1945 (SDW), appear qualitatively different
from the claims raised in the Instant Matter, since these
challenges are based on the entirely different set of events and
allege liability by entirely different defendants.  No statement
made in this Memorandum Opinion and Order shall be construed as
expressing this Court's opinion as to procedural or substantive
validity (or invalidity) of Plaintiff's challenges asserted in
<u>Johnson v. Mash</u>, Civil Action No. 10-1630 (FSH), and duplicated
in <u>Johnson v. Mash</u>, Civil Action No. 10-1945 (SDW).

reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that Plaintiff may have the Instant Matter reopened if, within forty-five days from the date of entry of this Memorandum Opinion and Order, Plaintiff files his second amended complaint **detailing solely the facts of his "phone list" and ETS claims** that were dismissed without prejudice (such detailed statement shall be made in accordance with the guidance provided to Plaintiff in this Memorandum Opinion and Order.  The Court stresses that Plaintiff need not submit any copies of letter or grievances, etc.; rather, at this juncture, Plaintiff shall only detail, in the clearest way he can, the facts of his claims by stating the "who, when, where and what" of his challenges); and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff, together with a blank civil complaint form (which Plaintiff may utilize for the purposes of producing his second amended complaint),[3] by regular U.S. mail.

s/ Faith S. Hochberg
**FAITH S. HOCHBERG,**
**United States District Judge**

---

[3] Plaintiff may, but not must, utilize the pre-printed complaint form; in alternative, Plaintiff may submit a concise but, nonetheless, detailed statement of his ETS and denial-of-phone-calls claims.  Taking notice of Plaintiff's hard-to-comprehend penmanship, the Court strongly encourages Plaintiff to either type his challenges or to undertake Plaintiff's best efforts to produce a legible hand-written second amended complaint.